Per Curiam.

Appellants contend that the bridge in question has not become a part of the state highway system and the collection of toll is necessary to maintain it; that, assuming the bridge is a part of the state highway system, the Director of Highways would be the proper person to file the application for exemption, not the secretary of the commission; or that, assuming the commission is the proper agency to file the application, the proper procedure has not been followed.
Section 5593.15, Revised Code, provides in part:
“The director [of highways] shall maintain and keep in repair any bridge, together with its approaches, constructed or acquired under Sections 5593.01 to 5593.19, inclusive, of the Revised Code, which is located wholly or partly outside the state, whenever the bonds issued for such bridge have been paid or a sufficient amount for their payment has been collected; such cost of maintenance and repair shall be expended from the Department of Highways maintenance and repair fund.”
The above provision was enacted originally in 1946 as an emergency act. The emergency provision was that “the reason for such necessity lies in the fact that the bonds for certain bridges purchased under the provisions of this act will shortly be redeemed, and such bridges cannot be free of tolls unless and until provision is made for their maintenance and repair.” This statutory provision refutes the appellants’ contention that the collection of tolls must continue after the bridge is paid for.
*221 Since the bridge is not connected at each end with a highway which is a part of the state highway system (Section 5593.15, Revised Code), it is not a part of the state highway system and remains under the jurisdiction and control of the State Bridge Commission, a governmental body with power to sue and be sued and which is the proper one to file the application for exemption. The record discloses that the commission, by motion, authorized its secretary to commence this proceeding.
The bridge in question is public property used exclusively for a public purpose. The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Tart, Matthias, Bell, Radclirr and O’Neill, JJ., concur.
Radclirr, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.